**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ALTON INGRAM, M.D., J.D.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3 :25-cv-00787** |
| | ) | **Judge Aleta A. Trauger** |
| **ETHA N BAUGHMAN, M.D.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM**

The Magistrate Judge has filed a Report and Recommendation ("R&R") (Doc. No. 56), recommending that (a) defendant Ethan Baughman's Motion to Dismiss (Doc. No. 41) be granted, (b) the defendant's TPPA Petition (under the Tennessee Public Participation Act) (Doc. No. 26) be denied, (c) the plaintiff's Rule 11(c)(2) Motion for Sanctions (Doc. No. 47) be denied, and (d) the plaintiff's Motion for Leave to File a Sur-Reply (Doc. No. 55) to address the defendant's Reply in further support of his Motion to Dismiss be denied.

Now before the court are plaintiff Alton Ingram's Specific Objections (Doc. No. 59) to the Magistrate Judge's recommendation that the defendant's Motion to Dismiss be granted. Related to the plaintiff's Objections are his Motion to Certify Questions of Law to the Tennessee Supreme Court (Doc. No. 61) and his Motion for Reconsideration and Review of Nondispositive Order Denying Leave to File Sur-Reply (Doc. No. 63). The plaintiff filed Memoranda of Law in support of each of these motions. (Doc. Nos. 60, 62, 64.) The defendant filed an Omnibus Response to all of these filings. (Doc. No. 65.) The plaintiff, with permission, filed three separate Reply briefs in further support of his Objections and two motions. (Doc. Nos. 68, 69, 70.) In addition, the

American Board of Cosmetic Surgery ("ABCS") has now filed a Motion for Leave to File Amicus Curiae Brief (Doc. No. 72), which the defendant opposes (Doc. No. 75) and the plaintiff supports (Doc. No. 76).

As set forth herein, the court will overrule the Objections, insofar as they pertain to the Motion to Dismiss. However, the court will reject the R&R and sustain the plaintiff's objection to the denial of his Motion for Leave to File Sur-Reply. The recommendations to which no objections have been filed will be accepted, and the court will, accordingly, deny the defendant's TPPA Petition and the plaintiff's Motion for Sanctions. The plaintiff's Motion to Certify will be denied as moot, as will the ABCS's Motion for Leave to File Amicus Curiae Brief.

## I. STANDARD OF REVIEW

Within fourteen days after being served with a magistrate judge's *order* on a matter not dispositive of a party's claim or defense, any party "may serve and file objections" to the order. Fed. R. Civ. P. 72(a). The district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

A party also has fourteen days after being served with a report and recommendation as to a dispositive matter to "serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## II. OBJECTIONS TO R&R'S RECOMMENDATION REGARDING THE MOTION TO DISMISS

The plaintiff, who proceeds *pro se* (although he also claims to have a law degree), is a medical doctor. His claims arise from statements made by defendant Baughman, who is also a doctor, in connection with treating a former patient of the plaintiff's ("AS"), from statements Baughman made in a purported expert report prepared in connection with the medical malpractice lawsuit filed by AS against the plaintiff in Tennessee state court,[1] and from Baughman's filing administrative complaints against the plaintiff with the Tennessee Board of Medical Examiners and the American Board of Cosmetic Surgery.

The R&R makes the following recommendations:

1. That Count I, for defamation *per se* (libel and slander) based on Baughman's "unprivileged verbal statements to AS" and his written statement in his expert report (Am. Compl. ¶ 222), be dismissed because (a) Baughman's written expert report is absolutely privileged under the litigation privilege, as a "communication[] preliminary to proposed or pending litigation," *Myers v. Pickering Firm*, 959 S. W. 2d 152 at 159, 161 (1997) (quoting Restatement (Second) of Torts § 587); and (b) Baughman's oral statements to the patient, while not protected by the litigation privilege, are non-actionable opinion.

2. That Count II, for false light invasion of privacy, be dismissed on the same grounds, insofar as the claim depends on the same statements that are the subject of the defamation claim;

3. That Count III, for intentional interference with business relationships, which is apparently premised both upon Baughman's emergency room treatment of AS (*see* Am. Compl.

[1] This proposed expert report was filed with the plaintiff's Amended Complaint. (*See* Doc. No. 40-1 at 2–8.) The document is undated and, although it includes a header indicating it was prepared in connection with "Amanda Stevens v. Dr. Alton Ingram and Ingram Cosmetic Surgery," the record does not indicate whether the document was actually filed with the court.

¶¶ 36–38) and the defendant's preparation and submission of the expert report "in breach of a known contract" (*see id.* ¶ 237), be dismissed both because it relies on a privileged communication (the expert report) and because the Complaint fails to plausibly allege the defendant's knowledge of the plaintiff's relationship with the patient AS or improper motive at the time he treated her in the emergency room.

4. That Count IV, for inducing AS to breach her contract with the plaintiff, which required that any expert report be prepared only by a board-certified surgeon (*see id.* ¶ 242), be dismissed because it is premised upon the absolutely privileged expert report.

5. That Count V, for a declaratory judgment pursuant to 28 U.S.C. 2201 as to the reliability, validity, and admissibility of the expert report in state court proceedings, be dismissed because the claim depends on the absolutely privileged expert report and because the relevant factors weigh against issuing a declaratory judgment in this case and "would serve no useful purpose in clarifying the legal relations, particularly in light of the state court proceedings, and in fact would significantly muddy the waters." (R&R at 17.)

6. That Count VI, seeking a permanent injunction against Baughman to prohibit him from, among other things, distributing or referencing the expert report or testifying or serving as an expert in any proceeding related to the plaintiff's care of AS, be denied both because it, again, depends on the absolutely privileged expert report and because the relevant factors weigh against issuing an injunction.

7. That Count VII, for civil conspiracy between Baughman and Anthony Isaac, an attorney, to extort money from the plaintiff and deflect liability for Baughman's malpractice, including through the drafting of the expert report and the filing of bad faith regulatory complaints, be dismissed because the plaintiff fails to identify a viable underlying tort.

8. That Count VIII, for civil extortion through Baughman and Isaac's alleged use of threats of legal and regulatory action to obtain money and advantage from the plaintiff, be dismissed both because Tennessee is unlikely to recognize the tort of civil extortion and because, assuming it would, the Complaint fails to allege facts establishing the elements of the claim against Baughman.

9. That Counts IX, X, XI, and XII, for abuse of the state court judicial process and the administrative process and malicious prosecution based on Baughman's "baseless" formal complaints with the Tennessee Board of Medical Examiners and the American Board of Cosmetic Surgery, be dismissed because the Amended Complaint does not allege the "improper use of process after it has been issued" *Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 555 (Tenn. 1999), and does not allege that the administrative proceedings have been resolved in the plaintiff's favor.

10. That Count XIII, for intentional infliction of emotional distress, be dismissed for failure to state a claim for which relief may be granted, because the conduct alleged in the Amended Complaint does not "meet the high threshold for outrageous conduct" under Tennessee law (R&R at 25) and because, insofar as the claim is premised upon the expert report, the conduct is absolutely privileged.[2]

The court has reviewed the plaintiff's Objections and the entire record and finds, on *de novo* review, that the Amended Complaint as a whole is subject to dismissal for the reasons set forth in the R&R. Although the R&R is confusing in places, it clearly distinguishes between the allegedly defamatory statements made in the pre-litigation context and extends the absolute litigation privilege only to the statements made in the expert report prepared in the context of the

[2] Count XIV seeks punitive damages and is not a stand-alone claim for relief.

underlying state court malpractice lawsuit. It finds that the statements made outside that conduct are not actionable for other reasons.

The court expressly adopts the Magistrate Judge's finding that the expert report prepared by Baughman in connection with the underlying state court medical malpractice case against Ingram is covered by the absolute litigation privilege. The plaintiff's arguments regarding a purported statutory disqualification and contractual bar do not negate the absolute litigation privilege and are, in any event, matters the plaintiff can raise in the state court—for instance, by seeking to strike the expert report that is inconsistent with Tennessee law.

The plaintiff's contention that it is an unsettled question of Tennessee law whether the absolute litigation privilege extends to an "allegedly defamatory pre-suit report prepared by a nonparty physician for possible use in a Tennessee health care liability action when the physician did not satisfy the competency requirements of Tenn. Code Ann. § 29-26-115(b) and no waiver under that statute had been sought or granted" is likewise not persuasive. This is the primary question of law Ingram asks the court to certify to the Tennessee Supreme Court. But Tennessee law is abundantly clear that "the litigation privilege covers all statements related to legal proceedings, whether inside or outside of court and whether the case is pending or impending." *Whiting v. City of Athens*, 170 F.4th 439, 447 (6th Cir. 2026) (citing *Unarco Material Handling, Inc. v. Liberato*, 317 S.W.3d 227, 238 (Tenn. Ct. App. 2010); *Simpson Strong-Tie Co. v. Stewart, Estes & Donnell*, 232 S.W.3d 18, 23–24 (Tenn. 2007)). This privilege applies even if the statements are "malicious, false, known to be false, or against a stranger to the proceeding." *Vanwinkle v. Thompson*, No. M2020-01291-COA-R3-CV, 2022 WL 1788274, at *4 (Tenn. Ct. App. June 2, 2022) (quoting *Jones v. Trice*, 360 S.W.2d 48, 54 (Tenn. 1962)). To be absolutely privileged, a witness statement needs to meet only two conditions: "(1) It must be in the course of

a judicial proceeding, and (2) it must be pertinent or relevant to the issue involved in said judicial proceeding." *Id.* (quoting *Trice*, 360 S.W.2d at 52). In this case, the plaintiff concedes that the statement was made in the course of, or in anticipation of, a judicial proceeding. And, although he maintains that many of the statements made by Baughman are false and defamatory, he does not dispute that an opinion as to whether his treatment of the patient met the applicable standard of care is relevant in a medical malpractice suit. The fact that Baughman may ultimately be precluded from testifying under Tenn. Code Ann. § 29-26-115(b) does not make his opinions irrelevant; in any event, the state statute would not prevent him from acting as a consulting expert in a particular case.[3] Neither the fact that he may ultimately be precluded from testifying nor the fact that the statements in his proffered expert report may be false and malicious precludes the extension of the absolute privilege to the report.

With regard to the defendant's alleged statements to patient AS in the course of treatment, the plaintiff alleges that Baughman told his patient "that her nipple was dead, that her implant was likely infected, and that she would require multiple reconstructive procedures." (Am. Compl. ¶ 31.) These are statements of fact (whether or not correct), but they are not in any sense *about* the plaintiff and are not defamatory. In addition, the statements made in the course of a medical assessment could not reasonably be understood in a defamatory sense by the listener. *See Pate v. Serv. Merch. Co.*, 959 S.W.2d 569, 574 (Tenn. Ct. App. 1996) (explaining that the "literal truth or

[3] The statute in question provides that no medical professional may be considered competent to testify in a "health care liability action" "unless the person was licensed to practice in the state or a contiguous bordering state a profession or specialty which would make the person's expert testimony relevant to the issues in the case and had practiced this profession or specialty in one (1) of these states during the year preceding the date that the alleged injury or wrongful act occurred," except that the "court may waive this subsection (b) when it determines that the appropriate witnesses otherwise would not be available." Tenn. Code Ann. § 29-26-115(b). Baughman, who is alleged to be licensed in California, would not qualify under this statute to testify in a Tennessee medical malpractice action.

non-defamatory nature (without extrinsic facts) of the actual words used is not a defense" to defamation, because "substantially true" statements can "nevertheless convey a false meaning whether intended by the speaker or not," in which case the "proper question is whether the meaning reasonably conveyed by the published words is reasonably understood in a defamatory sense by the reader or listener").

The court further finds that these statements would be covered by a conditional or qualified privilege. Under Tennessee law, "[a] conditional privilege is recognized where the interest which the defendant is seeking to vindicate or further is regarded as sufficiently important to justify some latitude for making mistakes." *Id.* at 575–57 (citing W. Page Keeton *et al.*, *Prosser and Keeton on the Law of Torts*, § 115, at 825 (5th ed. 1988)). Such a privilege

> extends to all communications made in good faith upon any subject-matter in which the party communicating has an interest, or in reference to which he has a duty to a person having a corresponding interest or duty; and the privilege embraces cases where the duty is not a legal one, but where it is of a moral or social character of imperfect obligation. . . . The rule announced is necessary in order that full and unrestricted communication concerning a matter in which the parties have an interest may be had. It is grounded in public policy as well as reason.

*Id.* at 576 (quoting *S. Ice Co. v. Black*, 189 S.W. 861, 863 (Tenn. 1916)). A physician communicating with a patient for purposes of diagnosis and treatment clearly falls within the scope of such a privilege. Such privilege may be lost "if the defendant does not act with good faith or acts with actual malice." *Id.* at 577. Here, at least with respect to the defendant's statements to AS when she presented to him as a patient in the emergency room where he was the on-call physician, the plaintiff does not allege facts that would establish either bad faith or "actual malice" on the part of Baughman.

Baughman's later having told the plaintiff that the above-referenced issues were due to Ingram's negligence is a non-actionable statement of opinion, as the Magistrate Judge explained. *See also Whiting*, 170 F.4th at 447 ("In Tennessee true statements, statements of opinion, and

privileged statements are not defamatory." (citations omitted)). Other courts have similarly held that "physicians' professional assessments of their colleagues' or subordinates' performance" are not actionable if the challenged statements "constitute opinions only" rather than objectively verifiable facts. *Marshall v. Planz*, 13 F. Supp. 2d 1246, 1258 (M.D. Ala. 1998). Other courts have reached consistent conclusions. In *Marshall*, the court held that a physician's statements that another physicians' performance in three specific instances demonstrated "poor medical judgment" were not actionable on this basis. *Id.* at 1257; *see also Woodward v. Weiss*, 932 F. Supp. 723, 726 (D.S.C. 1996) (finding physician's critique of another physician's treatment decisions, specifically statements that treatments and x-rays ordered by the first physician were excessive and that the patient's injuries would have resolved more quickly with different treatment, among others, were non-actionable opinions). Generally, disagreements about the appropriate course of medical treatment are "not susceptible to a defamatory reading because they are debatable among practitioners and thus not objectively verifiable." *Marshall*, 13 F. Supp. 2d at 1258. "Medicine, with all its great accomplishments, remains an inexact science. . . . Treatment considered appropriate by one doctor may be considered excessive by another doctor," *id.* (citation omitted), or, on the other hand, insufficient.

The type of statement alleged by the plaintiff is categorically different from those that, for example, directly attack a doctor's reputation and character, such as statements that a doctor's "practice was a joke" or that the doctor was "not any good as a doctor." These kinds of statements are "not expressions of disagreement over medical treatments but, rather, statements about the professional conduct and character of the plaintiff" and, as such, may be actionable as defamation. *McDonagh v. Bergan*, No. 03 C 1465, 2003 WL 21798735, at *3 (N.D. Ill. July 25, 2003). The statements as alleged in this case, however, fall in the former category rather than this latter

category. As a result, the Magistrate Judge did not err in recommending that the plaintiff's defamation and false light claims premised upon these statements be dismissed for failure to state a claim for which relief may be granted.

The plaintiff's Objections, in short, will be overruled, though the court agrees with the plaintiff that the malicious prosecution claim should be dismissed without prejudice as premature.

## III. MOTION FOR LEAVE TO FILE SUR-REPLY

The Magistrate Judge's recommendation that the plaintiff's Motion for Leave to File Sur-Reply (Doc. No. 55) be denied and his decision not to consider the proposed Sur-Reply in considering the Motion to Dismiss was well within his discretion. The court has reviewed the proposed Sur-Reply and finds that it adds little to the discussion. However, because the court has reviewed the proposed Sur-Reply (filed at Doc. Nos. 55-1, 63-1), the court will reject the Magistrate Judge's recommendation that it be denied and will, instead, grant the motion and the plaintiff's Motion for Review (Doc. No. 63).

## IV. REMAINING MOTIONS

Because the plaintiff does not object to the denial of his Motion for Sanctions (Doc. No. 47), and the defendants do not object to the denial of their TPPA Petition (Doc. No. 26), the court will accept the recommended disposition of these motions without discussion.

Because the court will grant the Motion to Dismiss, the Motion to Certify Questions of Law to the Tennessee Supreme Court (Doc. No. 61) will be denied as moot, and the ABCS's Motion for Leave to File Amicus Curiae Brief (Doc. No. 72) will also be denied as moot.

The plaintiff's request for leave to amend is not a motion, and the court declines to consider it.

## V. CONCLUSION

As set forth herein, the court will overrule the plaintiff's Specific Objections (Doc. No. 59) to the Magistrate Judge's recommendation that the defendant's Motion to Dismiss (Doc. No. 41) be denied, but the plaintiff's malicious prosecution claim will be dismissed without prejudice as premature. The court will reject the recommendation that the plaintiff's Motion for Leave to File Sur-Reply be denied and will grant that motion (Doc. No. 55) and the plaintiff's Motion for Review of that portion of the R&R (Doc. No. 63). In all other respects, the court will accept the R&R (Doc. No. 56). Accordingly, the Motion to Dismiss (Doc. No. 41) will be granted; the Motion for Sanctions (Doc. No. 47) will be denied; and the TPPA Petition (Doc. No. 26) will be denied. All other pending motions will be denied as moot.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge